**Jesus VALLES, Jr., Plaintiff–Appellant**

v.

Charles E. SAMUELS, Director, Federal Bureau of Prisons, Washington, D.C.; Gerardo Maldonado, Jr., Regional Director, South Central Region, Bureau of Prisons, Dallas, Texas; Karen Edenfield, Warden, Federal Correctional Institute, Big Spring, Texas; Manuel Ocasio, Associate Warden, Federal Correctional Institute, Big Spring, Texas; Joyce Moore, Unit Manager, Federal Prison Camp, Big Spring, Texas; Greg Pierce, Case Manager, Federal Prison Camp, Big Spring, Texas; Jeff Barber, Camp Counselor, Federal Prison Camp, Big Spring, Texas; Shirley Skipper–Scott, Case Manager Coordinator, Federal Correctional Institute, Big Spring, Texas; Jason A. Stickler, Regional Counsel, South Central Region, Bureau of Prisons, Dallas, Texas, Defendants–Appellees.

No. 12–10338
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 2013.

Jesus Valles, Jr., Big Spring, TX, pro se.

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Jesus Valles, Jr., former federal prisoner # 66699–080, appeals the district court's dismissal for failure to state a claim of his pro se civil rights complaint. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Valles's complaint springs from his classification by prison officials as a security risk, which prevented him from serving some of the final months of his sentence in a halfway house rather than in prison.

Valles asserts that he is not challenging the conditions of his prior confinement, but rather, is challenging the actions and inaction of the defendants. He asserts that his complaint is about being maliciously and unfairly "labeled and branded" by prison employees as a safety or security risk. The district court, he argues, misunderstood his complaint in that it believed his claims were about the length of time he would spend in a halfway house or in home confinement. He is not seeking time in a halfway house or money damages, he states, but instead seeks injunctive relief.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Valles is no longer incarcerated, seeks only injunctive relief, and has served any addition to his sentence that allegedly resulted from the security risk designation, his claim that prison employees conspired to lengthen his sentence is moot. *See Weinstein v. Bradford*, 423 U.S. 147, 147–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir.2002). Valles's complaints about the defendants' inaction, presumably their failure to provide him with information on why his security classification was changed, and their actions in allegedly misleading and lying to him, are also moot, as he has completed his sentence and therefore we could provide him no remedy. *See Oliver*, 276 F.3d at 741.

Valles alleges continuing harm from the notice to friends and family that he was not rehabilitated. Insofar as Valles is expanding upon his request in the district court for an apology, his argument is essentially that the defendants defamed him by labeling him a security risk. Assuming arguendo that Valles's defamation claim is not moot, Valles has not shown that he is entitled to injunctive relief on this claim. Other than his conclusory assertions of a violation of the Due Process Clause and the Cruel and Unusual Punishment Clause, Valles has not demonstrated that the defendants' labeling or branding him as a security risk will now (post-release) deprive him of a constitutional or other federal right. *See Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001).

Valles moves for appointment of counsel. He has not demonstrated exceptional circumstances necessitating the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir.1987). His motion is DENIED.

Valles's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983). It is therefore DISMISSED. *See* 5th Cir. R. 42.2.

Finally, the district court's dismissal of Valles's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g), as does this dismissal given that he was incarcerated when he filed his notice of appeal. *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Valles is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).